**Ex parte Herman HENSON.**

**No. 69675.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1987.

Randy Farrar, Huntsville, for appellant.

John Tunnell, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is a post-conviction application for a writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P.

Applicant filed his application in the 124th District Court, in which court he was convicted.

Applicant alleges that he is being "unlawfully confined and restrained of his liberty." Applicant alleges that he has been denied 174 days additional jail time credit in this case. He claims that he spent these 174 days in actual custody of the Texas Department of Corrections by being confined pursuant to the conditional work furlough program under the provisions of Art. 6166x–3, V.T.C.S.

A review of the facts is necessary. On April 29, 1980, the applicant pled guilty to a charge of forgery and was sentenced to ten years' incarceration. According to the Director of Classification and Records of the Texas Department of Corrections, the starting date for the running of applicant's sentence was February 9, 1980. The Director's affidavit also states that on October 4, 1982, the applicant was paroled to Dallas County under the Conditional Work

Furlough Plan. On April 18, 1985, the applicant was returned to the Texas Department of Corrections from Dallas County. The Director stated the applicant's jail time credit for being in custody started on May 22, 1984. The Director concluded that the applicant was out of custody 1 year, 7 months, and 18 days, which was the approximate time from the applicant's parole date of October 4, 1982 until May 22, 1984.

The principal point of dispute between the applicant and the State centers on the date of October 4, 1982. The State, through the Texas Department of Corrections, claims that the applicant's parole began on October 4, 1982 and ran until May 22, 1984 thereby eliminating the intervening period of time from applicant's jail time credit.

The applicant asserts that on October 4, 1982, he was released on Conditional Work Furlough Parole, pursuant to Art. 6166x–3, V.T.C.S. He further states that on March 29, 1983, he was released on parole. Applicant seeks, through this writ, to obtain jail time credit for the 174 days he spent on work furlough from October 4, 1982 until March 29, 1983.

The attorney for the State concedes the truth of applicant's allegation that he was on work furlough parole for the 174 days in question. After considering the petition for writ of habeas corpus, the State's attorney's response, and the exhibits before it, the trial court found the indictment in the instant case, along with a certified copy of the record, should be sent to the Texas Court of Criminal Appeals for review.

Art. 6166x–3, V.T.C.S., sets out the guidelines for the Conditional Work Furlough Program. Art. 6166x–3, Sec. 7, states that:

Prisoners employed under this Act shall be eligible for time credits in the same manner as other prisoners in the State Prison System.

There is no controlling legal precedent on the interpretation of Art. 6166x–3, Sec. 7, and this is a case of first impression.

Because there is no legal precedent here, we will rely on the applicable statutes to resolve the applicant's claim. Art. 6166x–

3, Sec. 3(b)(4) sets out the rules for quartering work furlough parolees in the counties where they are to be employed, as the applicant was quartered in the instant case. Section 3(b)(4) provides:

"If a prisoner released to conditional work furlough parole violates any of the rules promulgated by the Board of Pardons and Paroles under this subsection, the conditional work furlough parole shall be subject to revocation procedures as provided in Art. 42.12, Code of Criminal Procedure."

Art. 6166x–3, Sec. 3(b)(5) describes what rules can be promulgated by the Board under this subsection.

"The Board of Pardons and Paroles shall promulgate the necessary rules including a conditional work furlough parole contract which shall include an agreement by the prisoner to pay for the costs of supervision, costs of being quartered in the halfway house, restitution of the victim or victims, and support of the prisoner's dependents, if any, to implement the provisions of this subsection."

In the instant case, the applicant entered a work furlough parole contract with the Board of Pardons and Paroles. The rules and conditions of the applicant's contract are set out in his Certificate of Conditional Work Furlough Parole. Under the authority of Section 3(b)(5), the following rule was included in the contract:

"Be it further known that any violation of such conditions shall be sufficient cause for revocation of this conditional work furlough parole, that all time served on conditional work furlough parole shall be forfeited, and that any conditional work furlough parolee who absconds may be prosecuted as an escapee under the Penal Code."

This condition provides for the loss of jail time credit by a parolee for the time he spent on work furlough in the event of a parole revocation of the conditional work furlough parole.

The authority for this condition comes not only from Art. 6166x–3, Sec. 3(b)(4) and

3(b)(5), but also from Art. 42.12, Sec. 22, V.A.C.C.P.:

"When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation."

This provision also applies to revocation of a work furlough parole. Art. 6166x-3, Sec. 3(b)(4).

In the instant case, the applicant's work furlough parole was not revoked. He successfully completed 174 days under this program. Subsequently, he was released from the work furlough parole, and placed on parole. It was this latter, separable parole which was revoked. Because his work furlough parole was not revoked, Art. 6166x-3, Sec. 7 applies and applicant is entitled to 174 days credit for time served on that program.

The relief prayed for is granted. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

CLINTON, J., dissents.