# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-09-00543-CR
## NO. 03-09-00544-CR

**Andrew Richard Burke III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21,825 & CR21,941, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated June 25, 2010, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

Andrew Richard Burke, III appeals from the court's revocation of his terms of community supervision. Burke contends that the evidence was legally insufficient to support the revocation. He also contends that the court erred by denying him time credit for successfully completing a substance abuse felony punishment program. We reform the judgment to give credit for time Burke served while successfully completing a program in a substance abuse treatment facility, and affirm the judgment as reformed.

Burke pleaded guilty to two counts of driving while intoxicated, third offense (or more). *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09 (West Supp. 2009). He was sentenced to ten years in prison, which was probated, and he was placed on community supervision (probation) for ten years. Condition 20 of his community supervision required Burke

> to serve a term of confinement and treatment in a substance abuse facility for a term of not less than 6 months or more than 1 year, and upon successful completion of the program, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of care program.

Burke's probation officer, Michelle Posten, testified that Burke completed his term in his substance abuse felony punishment facility (SAFPF) successfully without any disciplinary problems. She testified that he entered that program on June 19, 2008, and was discharged on April 29, 2009. He then went to the Abode Treatment Center near Fort Worth. Burke was discharged from the continuum of care program for failing to abide by its rules and regulations. The court revoked his community supervision and imposed the sentence of ten years in prison.

We review the revocation of community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* We will affirm if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *Id.* at 764. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984).

2

Abode's program manager, Sylvia Wagnon, testified that the center assists substance abuse felons with re-entering society. The clients live in the center, but may leave on passes to seek work, perform work, attend probation meetings, or perform other necessary tasks. Clients can also obtain recreation passes for up to 48 hours. She testified that Burke was a 60-day client who entered the program on April 29, 2009, and would have graduated on June 28, 2009. She testified that he completed his required six hours of weekly therapy only in the first week. The remainder of his time his attendance was essentially excused in favor of appointments at the county hospital.

Wagnon testified that Burke had a 48-hour pass to leave the center on the weekend of May 30-31, 2009. She testified that, although he was eligible only for a 24-hour pass, his counselor had approved a 48-hour pass even though it lacked supporting documentation. Burke also had signed a 72-hour pass that had supporting documentation. Based on the 48-hour pass, he should have returned on May 31 at 4 p.m. He returned June 1, at 4 p.m. Wagnon acknowledged that Burke contacted his counselor to request an extension, but testified that only she (Wagnon) can approve extensions. She said that, although his counselor should have told him of that procedure, she did not know if that occurred. Wagnon also testified that, upon his return, Burke tested positive for alcohol—a violation of the center's rules. She said her logbook showed that his breath analysis was positive for alcohol but his urinalysis was negative for other illegal drugs. She recalled that his breath test showed a concentration of .02. Wagnon did not conduct the test herself. Wagnon testified that Burke told her he had just brushed his teeth and rinsed his mouth out with Listerine. As a result of his failing the test, the center stripped Burke of his freedoms, including leaving on any pass including a work pass. He also was moved from a single room into a room shared with other clients.

3

Wagnon testified that on June 7, 2009, at 12:30 a.m., a shift supervisor reported that she saw Burke weaving and stumbling down a hall in the center, showing signs of being drunk including smelling of alcohol and slurring his speech. Two empty beer cans were found in another client's backpack that Burke was seen "fiddling in." The next day, a search of his jacket revealed another empty beer can of a similar type. Wagnon said that Burke denied drinking alcohol and any responsibility for the beer. Wagnon described drunkenness and consumption of alcohol as very serious violations of the center's regulations. Burke, however, tested negative on breath and urine tests.

Wagnon decided on June 9, 2009, to discharge him unsuccessfully. Posten, Burke's probation officer, confirmed that she told Burke not to leave the center, that he would be picked up by law enforcement and returned to Milam County. He nevertheless left the center on June 9, 2009.

Tammy McKinney was Burke's primary counselor at Abode. She testified that Burke was compliant with rules, participated in counseling, and did everything required. She approved his 48-hour pass and, after learning from Ruby Byers, the outpatient coordinator, that Burke wanted an extension to attend to his sick mother, she approved a 12-hour extension (although the extension granted was apparently for 24 hours). McKinney testified that she did not know the procedure for extensions, but that Byers told her that her verbal approval was sufficient. McKinney testified that she approved the extension because of Burke's "wonderful" performance in the center. She testified that he was "constantly in contact" with her during the 72-hour period. She testified that Mr. Sayeed[1] told her that Burke tested positive for alcohol. McKinney said she looked at the

---

[1] McKinney did not testify regarding Mr. Sayeed's first name.

test results and found that they were negative. McKinney testified that Sayeed requested an additional test, but that Wagnon refused. She testified that Burke was searched upon his return on June 1 and not allowed to leave during the next week. She testified that one of Burke's new roommates was on a relapse track after using methamphetamine while at home on leave. She testified that the beer attributed to Burke could have belonged to one of the other roommates. McKinney testified that she was fired on June 7, 2009, prior to coming in to work.

Burke testified that he asked for the extension on May 31 so he could accompany his mother to the hospital when she went to have a stent examined. Burke testified that he talked to Byers first, who told him to contact his primary counselor. He said he called his primary counselor to get approval, and she granted approval conditioned on getting Byers's verbal approval. Burke said that he saw paperwork showing that his breath test on June 1 showed negative for alcohol—not positive. He said he requested a retest after hearing it reported as positive and, upon being denied the retest, filed a grievance.

Burke testified that he takes antidepressants and a strong sleeping pill at night. He said he was told to report for testing late on June 6, which he passed, but that the sleeping pill caused any weaving and slurring of his words. He testified that the beer cans were not his, that they belonged to his roommates, some of whom were on relapse track.

On June 17, 2009—eight days after leaving Abode—Burke called Posten, his probation officer. Posten testified that she told him that a warrant was out for his arrest and that he needed to turn himself in. She testified that Burke told her he could not turn himself in for at least a week because he was in Atlanta, Georgia. At trial, Burke admitted that he lied to Posten about

5

being in Atlanta to stave off arrest. He said he was working and trying to get enough money to hire an attorney. Burke was arrested on or about June 26, 2009, in Rockdale, Texas. He testified that he had learned his lesson, had learned from the treatment, and had no intention of "messing up" this last chance.

The trial court concluded that the State proved that Burke violated the terms of his community supervision as alleged, namely that he was unsuccessfully discharged from Abode because he failed to abide by its rules and regulations.

We find no abuse of discretion. Burke was undisputedly discharged unsuccessfully from Abode on grounds that he failed to abide by its rules and regulations. As for the validity of the charge that he failed to comply with Abode's rules and regulations, the trial court was faced with conflicting evidence. It had to make a credibility choice, and evidently chose to believe Wagnon. We cannot say that the choice is not supported by the record. With that implicit credibility choice made, the preponderance of the evidence supports revocation. We cannot say that the trial court abused its discretion by revoking Burke's term of community supervision.

Burke next contends that the trial court erred by failing to give him credit for time served at the SAFPF facility before he went to Abode. On rehearing, for the first time, Burke seeks relief under Texas Code of Criminal Procedure article 42.12, section 23(b), which provides in relevant part as follows:

> (b) No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009,

Government Code, or another court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp. 2009).[2]  Condition 20 of Burke's community supervision, set out above, was consistent with this statute.  On April 2, 2009, the district court signed an Order Releasing from Substance Abuse Felony Punishment Facility.  The court stated in relevant part as follows:

> That the Court has been notified by the proper authorities of the Texas Department of Criminal Justice that the defendant is successfully completing the treatment program at said facility and has been given a tentative discharge date of April 29, 2009.  IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court that the defendant, Andrew Richard Burke, III, be released from the Substance Abuse Felony Punishment Facility . . . and that the said defendant be released to a duly authorized representative of the Abode Treatment, Inc., White Settlement, Texas as part of the Continuum of Care program . . . ."

Posten testified without contradiction that Burke was released from the SAFPF on April 29, 2009.  Burke argues that he should be given credit for time served at the SAFPF because he successfully completed its program.  The State argues that, because Burke did not successfully complete the continuum of care program, he should get no credit for the more than ten months of time served at the SAFPF.  The State argues that the statute can reasonably be interpreted to mean that the continuum of care treatment is an integral part of the substance abuse treatment and that both aspects must be successfully completed to earn the credit for time served.

---

[2]  Because the request for credit for time served does not challenge the conviction or the sentence, it is not waived by failure to bring it to the court's attention before the motion for rehearing on appeal.  *See Joseph v. State*, 3 S.W.3d 627, 643 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988); *Ex parte Henson*, 731 S.W.2d 97 (Tex. Crim. App. 1987)).

We conclude that the legislature did not require completion of different programs at more than one facility in order to earn credit. "When interpreting a statute, we look to the literal text of the statute for its meaning, and we ordinarily give effect to that plain meaning, unless application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or if the plain language is ambiguous." *Badgett v. State*, 42 S.W.3d 136, 138 (Tex. Crim. App. 2001). The statute requires a judge to give credit for time served to a defendant who successfully completes a substance abuse treatment program in "that facility"—singular. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b). It does not require the defendant to successfully complete a subsequent program at a second facility.

The court's orders are consistent with this reading. The court ordered Burke to "serve a term of confinement and treatment in a substance abuse facility . . . and upon *successful completion of the program,* the defendant is required to participate in a drug or alcohol abuse continuum of care treatment." (Emphasis added.) The court plainly contemplated that the SAFPF program was a stand-alone program that would be completed before Burke moved to a related, but separate, phase of the treatment requirement of his probation at the continuum of care facility. The order releasing Burke from the SAFPF states that he is "successfully completing" the treatment program at that facility, which will lead to his release to the custody of the continuum of care program. Posten testified without contradiction that Burke entered the SAFPF program on June 19, 2008, and was discharged from it on April 29, 2009—consistent with the court's discharge order. In the Judgment Revoking Community Supervision, the trial court finds that Burke was discharged from the continuum of care treatment program—not the substance abuse treatment facility—without

8

completing the transitional treatment program successfully. We conclude that Burke successfully completed the treatment program at the TDCJ's substance abuse treatment facility as ordered by the court as a condition of community supervision, and is entitled by law to credit against his sentence for time served there. Because of the uncontradicted evidence and record regarding the length of Burke's tenure at the SAFPF, we need not remand this cause.

We reform the judgment to award Burke credit for the 314 days of time served in the substance abuse treatment facility while successfully completing its treatment program. We affirm the judgment as reformed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Reformed and, as Reformed, Affirmed on Motion for Rehearing

Filed: August 31, 2010

Do Not Publish